## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ZANDER LAMONT RICHARDSON, JR.
  #412-735            :

     Plaintiff      :

     v.         : Civil Action No. JKB-15-831

DHMH Program 8-505-507    :
DR. JONES
CTPHC           :
DR. PITELL

             :
     Defendants

## MEMORANDUM

On March 19, 2015, Zander Lamont Richardson, Jr. (hereinafter "plaintiff" or "Richardson"), currently incarcerated within the Maryland Department of Corrections and housed at North Branch Correctional Institution in Cumberland, filed this civil complaint pursuant to 42 U.S.C. § 1983, alleging that Dr. Jones and Dr. Pitell, as well as unnamed staff at the Clifton T. Perkins Hospital Center (hereinafter "Perkins" or "CTPHC") improperly medicated him with various psychotropic drugs, including Risperidone,[1] during a pretrial competency evaluation.[2] He claims generally that the medication was forced upon him and as a

---

[1] Risperidone (Risperdal) is an anti-psychotic drug prescribed to treat the symptoms of schizophrenia. It may also be used to treat episodes of mania, mixed episodes of mania and depression, or bipolar disorder. *See* http://www.nlm.nih.gov/medlineplus/druginfo/meds/a694015.html.

[2] On January 7, 2009, Richardson was arrested by Baltimore City authorities on murder and weapons charges and held without bail in connection with a December 6, 2008 homicide. Plaintiff, who was represented by counsel, was sent for a competency evaluation on August 24, 2009. On June 2, 2010, he was adjudicated competent. On February 1, 2012, he was declared incompetent to stand trial. On August 1, 2012, he was found competent. On April 8, 2013, plaintiff was sentenced in the Circuit Court for Baltimore City to life plus 20 years' incarceration. *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=109043020&loc=69&detailLoc=DSK8 This court finds that despite his inartfully pled complaint, there is no requirement for appointment of a guardian to pursue the claims presented. *See* Fed. R. Civ. P. 17(c)(2).

result suffers altered vision, a locked jaw, and stiffness.[3] ECF No. 1, pp. 3, 5.  His accompanying request for leave to proceed in forma pauperis (ECF No. 2) shall be granted.

Based on the state docket, Richardson underwent competency evaluation beginning on August 24, 2009, and was found competent on June 2, 2010.  More than 18 months later, on February 1, 2012, he was found incompetent.  On August 1, 2012, competency was deemed to be restored.

The primary claim set forth in the complaint concerns side effects Richardson allegedly suffers as a result of psychotropic drugs administered while undergoing evaluation at Perkins, a Maryland Department of Health and Mental Hygiene facility.[4]  Based on these side effects, Richardson seeks recovery for alleged medical malpractice, rather than a Fourteenth Amendment violation of rights premised on deliberate indifference to serious medical need.[5]  Mere negligence or malpractice does not rise to a constitutional level.[6]  *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Donlan v. Smith*, 662 F. Supp. 352, 361 (D. Md. 1986).  Federal courts

---

[3] Richardson also complains of medications provided during a 2008 placement at the Carter Center.  ECF No. 1, p. 5.  This claim clearly falls outside the three-year limitations period noted herein.

[4] Richardson believes he was allergic to the medication.  *Id.*

[5] Richardson was a pretrial detainee while detained at Perkins and the Baltimore City Detention Center ("BCDC").  The constitutional protections afforded a pretrial detainee as provided by the Fourteenth Amendment are co-extensive with those provided by the Eighth Amendment.  *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  "Due process rights of a pretrial detainee are at least as great as the eighth amendment protections available to the convicted prisoner."  *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992), citing *Martin v. Gentile*, 849 F. 2d 863, 870 (4th Cir. 1988).

[6] Under Maryland law, a claim of medical malpractice could proceed only after the parties complete review before the Maryland Health Claims Arbitration Board.  *See* Md. Code Ann., Cts & Jud. Proc., §3-2A-01 et seq.; *see also Davison v. Sinai Hospital of Balt. Inc*, 462 F.Supp. 778, 779-81 (D. Md. 1978); *Group Health Ass'n, Inc. v. Blumenthal*, 295 Md. 104, 114 (1983). There is no demonstration that Richardson has sought or completed such review.

have limited original jurisdiction and do not sit to review every claim related to state tort claims such as medical malpractice or tortious conduct involving non-federal parties.[7] This court only has authority to review such claims if the claims are sufficient to establish federal diversity of citizenship jurisdiction. Such is not the case here.

To the extent that Richardson contends that he was forcibly medicated during his first competency evaluation, his claim – which is sparsely presented and unclear at best – likewise fails.  While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983.  *See Wilson v. Garcia,* 471 U.S. 261 (1985); *Burnett v. Grattan*, 468 U.S. 42 (1984); *Cox v. Stanton*, 529 F.2d 47, 49-50 (4th Cir. 1975).   Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar.  *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101.

Although the state statute of limitations applies, the time of accrual of the action is a federal question.  *Cox*, 529 F.2d at  50.  The running of the statute of limitations begins when a plaintiff knows or has reason to know of his injury. *Id*.   Richardson's competency evaluation ended in June of 2010, at which time the limitations period began to run.  Eighteen months later, his competency was again placed into question.  Competency was deemed restored as of August 1, 2012.   Richardson filed this action on March 19, 2015, thirty-one months after the August 1, 2012 competency determination, and more than four years accrued before Richardson filed the instant lawsuit.  By then, the limitations period had expired.[8]

---

[7]  This court does not have original subject matter jurisdiction over such disputes.  Further, there are no facts to suggest a federal question is presented pursuant to 28 U.S.C. § 1331.

[8]  Maryland law provides that a person who is mentally incompetent shall file his action within the lesser of three years or the applicable period of limitations after the date the disability is removed.  *See* Md. Ann. Code, Cts & Jud. Proc. § 5-201(a).

Richardson's complaint shall not proceed.  A separate order follows.

 March 27, 2015                                                      /s/                   

(Date)                                                       James K. Bredar

United States District Judge